JS 44 (Rev 06/17) CMR CIVIL COVER SHEET 19-CV-807

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
Michael Cona

**DEFENDANTS**
David E Grasso    19 807

(b) County of Residence of First Listed Plaintiff  Phila
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Phila
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys *(Firm Name Address, and Telephone Number)*
Conor Corcoran, 1500 JFK Blvd, Ste. 620
19102, 215-735-1135

Attorneys *(If Known)*
N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 USC 201

Brief description of cause   Tip skimming

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

**DEMAND $**  150,000+

CHECK YES only if demanded in complaint
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE  N/A   DOCKET NUMBER  N/A

DATE  2/25/19    SIGNATURE OF ATTORNEY OF RECORD   C.C.

FEB 25 2019

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19 8071

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1500 JFK Blvd, Ste 620, Phila, PA 19102

Address of Defendant: 39 S. 15th St., Ste 1000 Phila, PA 19102

Place of Accident, Incident or Transaction: Phila., PA

---

**RELATED CASE, IF ANY:**

Case Number: N/A    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/25/19    _____ Attorney-at-Law / Pro Se Plaintiff    _____ Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases *(Please specify)* 29 USC 201

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Conor Corcoran, counsel of record or pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs·

☐ Relief other than monetary damages is sought.

FEB 25 2019

DATE: 2/25/19    _____ Attorney-at-Law / Pro Se Plaintiff    89111 Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Lona                                  :         CIVIL ACTION
                          v.          :              19      807
Grasso                                :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security   Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

2/25/19                  Conor Corcoran                    Attorney for Plaintiff
**Date**                 **Attorney-at-law**               **Attorney for**

215-735-1135             215-735-1175                      conor@jcc esq.com
**Telephone**            **FAX Number**                    **E-Mail Address**

(Civ. 660) 10/02

FEB 25 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CONA, *on behalf of himself and similarly situated employees*, | : | CIVIL ACTION |
| | : | NO. |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| DAVID GRASSO; RANDALL COOK; METHOD HOSPITALITY PB, INC.; and MICHAEL JREIDINI, | : : : | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

The Plaintiff, Michael Cona ("Plaintiff"), alleges this class/collective action lawsuit against Defendants David Grasso; Randall Cook; Method Hospitality PB, Inc.; and Michael Jreidini (collectively "Defendants"), seeking claims and relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.*, and the Philadelphia Gratuity Protection Bill ("GPB"), Philadelphia Code § 9-614.

The Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), and his PMWA and GPB claims are asserted as a class action under Federal Rule of Civil Procedure 23.  *See* Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective actions and Rule 23 class actions may proceed together in same lawsuit). The following allegations are based upon the Plaintiff's personal knowledge as to his own conduct, and upon the Plaintiff's information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. The Eastern District of Pennsylvania has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. The Eastern District of Pennsylvania has subject matter jurisdiction over the PMWA and GPB claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an adult individual residing in Philadelphia, PA (Philadelphia County), who can be served with process at the office of his undersigned counsel, at 1500 JFK Boulevard, Suite 620, Philadelphia, PA 19102.

5. Plaintiff is an employee covered by the FLSA, PMWA and GPB and entitled to the protections thereof.

6. Defendant David Grasso is an adult individual who regularly conducts business at a restaurant called Wm. Mulherin's Sons, located at 1355 N. Front Street, Philadelphia, PA 19122, and/or at the office of co-Defendant Method Hospitality PB, Inc., 30 S. 15th Street, Suite 1000, Philadelphia, PA 19102.  At any and all times relevant, Defendant Grasso was operating in his own individual capacity, and/or as an owner, operator, shareholder and/or agent of Method Hospitality PB, Inc.

7. Defendant Randall Cook is an adult individual who regularly conducts business at a restaurant called Wm. Mulherin's Sons, located at 1355 N. Front Street, Philadelphia, PA 19122, and/or at the office of co-Defendant Method Hospitality PB, Inc., 30 S. 15th Street, Suite 1000, Philadelphia, PA 19102.  At any and all times relevant, Defendant Cook was operating in his own individual capacity, and/or as an owner, operator, shareholder and/or agent of Method Hospitality PB, Inc.

8. Defendant Method Hospitality PB, Inc. is a Pennsylvania corporation regularly conducting business at 30 S. 15th Street, Suite 1000, Philadelphia, PA 19102, and/or at a

restaurant called Wm. Mulherin's Sons, located at 1355 N. Front Street, Philadelphia, PA 19122 (hereinafter "Method Hospitality.")

9. Defendant Michael Jreidini is an adult individual regularly conducting business at a restaurant located at 1528 Frankford Avenue, Philadelphia, PA 19125. Upon information and belief, at any and all times relevant and as further set forth herein at length, Defendant Jreidini was an agent, servant, workman and/or employee of Defendants Grasso, Cook, and/or Method Hospitality.

10. Defendants employed individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

11. Defendants are employers covered by the FLSA, PMWA, and GPB.

## FACTUAL ALLEGATIONS

12. The restaurant "Wm. Mulherin's Sons" (hereinafter "the restaurant") is owned, operated, and overseen by Defendants Grasso, Cook, and Method Hospitality, and/or Defendant Jreidini. Defendant Jreidini was the general manager thereof until March 14, 2018.

13. Defendants Grasso, Cook, and Jreidini were responsible for the day-to-day operations of the restaurant including, *inter alia*, requesting receivables and other supplies from third party vendors; the employment, termination, supervision and work schedule orchestration of the employees at the restaurant, and/or ordering the compulsory distribution of tips, otherwise known as "tip skimming," as more fully set forth herein at length.

14. Since the restaurant opened on March 29, 2016, through the date of this filing, the Defendants have jointly employed at least 60 individuals as servers at the restaurant.

15. The restaurant's servers are primarily responsible for receiving the food and drink orders form the restaurant's customers, serving such requests for food and drink to the customers, and

otherwise waiting on customers at their seated tables, and/or at the bar(s), located within the restaurant.

16. Plaintiff was employed by Defendants as a server at the restaurant from March 29, 2016 until March 14, 2018.

17. Defendants paid Plaintiff and other servers at the restaurant an hourly wage of $2.83 plus tips.

18. In purported compliance with the FLSA and PMWA requirements that employees are entitled to a minimum wage of $7.25/hour, the Defendants allegedly used a "tip credit" totaling $4.42 ($7.25 - $2.83) for each hour worked by the Plaintiff and other servers at the restaurant. See 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

19. Throughout the Plaintiff's tenure at the restaurant, the Defendants compelled the Plaintiff and other servers at the restaurant to pay a portion of the tips they received from customers each shift to other support staff employees of the restaurant, such as bussers, polishers, water runners or cleaners, and/or managers, a process commonly known as "tip skimming."

20. The tip skimming was orchestrated in the following fashion, according to a boilerplate formula upon an Excel spreadsheet, by Defendant Grasso, Defendant Cook, and/or Defendant Jreidini, to wit:

> A. Tips from customers at the restaurant were initially split into two pools: the bartender pool (Pool A), and the server pool (Pool B);
>
> B. 2% of each pool was paid to the host/hostess (Pool C), and 14% of each pool was paid to the support staff (Pool D);
>
> C. Then, 8% to 12% of the server pool (Pool B) was then moved to the bartender pool (Pool A), at the rate of 4% per bartender, per shift;
>
> D. Then, Defendant Jreidini then unilaterally altered Pool D, as follows:
>
>> 1. Pool D was divided by the number of hours worked by each support staff person, according to the following scale:
>>
>>> a. Class A support staff that ran food in all areas of the restaurant, received 100% of Pool D, divided by hour;

   b. Class B support staff that ran food in the upstairs, less formal area of the restaurant, received 90% of Pool D, divided by hour; and,

   c. Class C support staff that only polished silverware, and did not otherwise run any food to the tables or have any customer interaction whatsoever, received 80% of the Pool D, divided by hour.

21. By way of further example, using the aforementioned formula upon a total tip pool of Four Thousand Dollars ($4,000.00) on a usual weekend night, tip skimming would occur in the following fashion:

 A. There would be perhaps $1,000 in Pool A, and $3,000 in Pool B;

 B. 2% of that gross sum of $4,000 would be paid to Pool C (totaling $80);

 C. 14% of that gross sum of $4,000 would be paid to Pool D (totaling $560);

 D. Then, 8% to 12% of the balance of Pool B would be given to Pool A;

 E. Then, Defendant Jreidini would further divide Pool D as follows:

  1. Presuming there were three (3) support staff on an eight (8) hour shift, for a total of 24 work hours, the $560 in Pool D is divided by 24 work hours, for $23.33 per hour worked by support staff;

   a. Class A support staff would accordingly receive 100% of the $23.33 in tips per hour worked;

   b. Class B support staff would accordingly receive 90% of the $23.33 in tips per hour worked, for a total of $20.99 per hour worked;

   c. Class C support staff would accordingly receive 80% of the $23.33 in tips per hour worked, for a total of $18.66 per hour worked.

22. Upon information and belief, the missing money deductions from the Class B and Class C support staff was never reimbursed to Pool A or Pool B, but instead went straight into the pockets of Defendants Grasso, Cook, Method Hospitality and/or Jreidini.

23. Upon information and belief and as a consequence of the tip skimming formula from Plaintiff and others similarly situated, Plaintiff believes that he usually took home less than 50% of the tips that he, and others similarly situated, received from tableside customers at the restaurant.

## COLLECTIVE AND CLASS ALLEGATIONS

24.     Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of himself and all individuals employed as servers at the restaurant between the opening date of the restaurant on from March 29, 2016 and the date of Plaintiff's departure on March 14, 2018, and/or until such time as the Defendants cease tip skimming.

25.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

26.     Plaintiff brings his PMWA and GPB claims pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals employed as servers at one of the Restaurants between the opening date of the restaurant on from March 29, 2016 and the date of Plaintiff's departure on March 14, 2018, and/or until such time as the Defendants cease tip skimming.

27.     The putative class, upon information and belief, includes at least 60 individuals, all of whom are readily ascertainable based on Defendants' standard timekeeping and payroll records, and, as such, is so numerous that joinder of all class members is impracticable.

28.     Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

29.     Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

30.     Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendants' standardized compensation practices, including Defendants' practices of using the tip credit to satisfy its minimum wage obligations and

compulsory tip skimming upon class members to share tips with silverware polishers and restaurant managers as aforementioned.

31. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I**
**F.L.S.A.**
<u>**ALL PLAINTIFFS v. ALL DEFENDANTS**</u>

32. Averments 1 through 32 are hereby incorporated as though fully set forth herein at length.

33. The F.L.S.A. guarantees employees a minimum hourly wage of $7.25.

33. While a restaurant can use a tip credit to relieve it of its minimum wage obligations to servers, it abandons the right to use tip credits where it engages in "tip skimming" and/or otherwise enforces a policy of compulsory tip sharing with other restaurant employees who have little or no direct customer interaction, and/or work as managers or supervisors of the restaurant. <u>See Ford v. Lehigh Valley Restaurant Group, Inc.</u>, 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014).

34. By requiring the Plaintiff and other servers to share tips with support staff and/or Defendants herein as aforementioned, the Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations to Plaintiff and other servers. As such, Defendants have violated the F.L.S.A.'s minimum wage requirements by paying Plaintiff and other servers an hourly wage of $2.83 rather than $7.25.

35. In violating the F.L.S.A., the Defendants acted willfully and with reckless disregard of clearly applicable F.L.S.A. provisions.

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks judgment in his and their favor, and against the Defendants, in an amount in excess of $150,000 (ONE HUNDRED FIFTY THOUSAND DOLLARS), as follows:

A. $4.42 for every hour of labor left unremunerated;

B. Reimbursement of tips shared with support staff and restaurant managers;

C. Prejudgment interest to the extent permitted under federal and state law;

D. Liquidated damages per the F.L.S.A.;

E. Exemplary damages per the G.P.B.;

F. Costs, expenses, and reasonable attorneys' fees; and,

G. Such other and further relief as this Court deems just and proper.

## COUNT II
## P.M.W.A.
## ALL PLAINTIFFS v. ALL DEFENDANTS

36. Averments 1 through 35 are hereby incorporated as though fully set forth herein at length.

37. The P.M.W.A. guarantees employees to a minimum hourly wage of $7.25.

38. While a restaurant can use a tip credit to satisfy its minimum wage obligations to servers, it abandons the right to do so where it engages in "tip skimming" and/or otherwise enforces a policy of compulsory tip sharing with other restaurant employees who have little or no direct customer interaction, and/or work as managers or supervisors of the restaurant.. See Ford v. Lehigh Valley Restaurant Group, Inc., 2015 Pa. Dist. & Cnty. Dec. LEXIS 11 (P.C.C.P., Lackawanna Cty. Apr. 24, 2015) (Nealon, J.).

39. By requiring the Plaintiff and other servers to share tips with support staff and/or Defendants herein as aforementioned, the Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations to Plaintiff and other servers.  As such, the

Defendants have violated the P.M.W.A.'s minimum wage requirements by paying Plaintiff and other servers an hourly wage of $2.83 rather than $7.25.

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks judgment in his and their favor, and against the Defendants, in an amount in excess of $150,000 (ONE HUNDRED FIFTY THOUSAND DOLLARS), as follows:

A. $4.42 for every hour of labor left unremunerated;

B. Reimbursement of tips shared with support staff and restaurant managers;

C. Prejudgment interest to the extent permitted under federal and state law;

D. Liquidated damages per the F.L.S.A.;

E. Exemplary damages per the G.P.B.;

F. Costs, expenses, and reasonable attorneys' fees; and,

G. Such other and further relief as this Court deems just and proper.

## COUNT III
## G.P.B.
## ALL PLAINTIFFS v. ALL DEFENDANTS

40. Averments 1 through 39 are hereby incorporated as though fully set forth herein at length.

41. The GPB requires that "[e]very gratuity shall be the sole property of the employee or employees to who it was paid, given or left for, and shall be paid over in full to such employee or employees." Phila. Code § 9-614(2)(a).

42. Defendants violated the GPB by compelling Plaintiff and other servers to surrender a portion of their tips to the restaurant's manager and/or support staff.

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks judgment in his and their favor, and against the Defendants, in an amount in excess of $150,000 (ONE HUNDRED FIFTY THOUSAND DOLLARS), as follows:

A. $4.42 for every hour of labor left unremunerated;

B. Reimbursement of tips shared with support staff and restaurant managers;

C. Prejudgment interest to the extent permitted under federal and state law;

D. Liquidated damages per the F.L.S.A.;

E. Exemplary damages per the G.P.B.;

F. Costs, expenses, and reasonable attorneys' fees; and,

G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date: February 24, 2019

J. Conor Corcoran, Esquire
Atty. I.D. No. 89111
1500 John F. Kennedy Boulevard
Suite 620
Philadelphia, PA 19102
Phone: (215) 735-1135
Fax: (215) 735-1175
Email: conor@jccesq.com